IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

H.J. HEINZ COMPANY,

      Plaintiff,                        15cv0631
                                        **ELECTRONICALLY FILED**

      v.

STARR SURPLUS LINES INSURANCE
COMPANY,

      Defendant.

### **MEMORANDUM ORDER RE: SUBSTANTIVE CHOICE OF LAW PROVISIONS (PLAINTIFF'S MOTION FOR PENNSYLVANIA CHOICE OF LAW (DOC. NO. 61) AND DEFENDANT'S MOTION FOR AN ORDER DETERMINING THAT NEW YORK SUBSTANTIVE LAW APPLIES IN THIS CASE (DOC. NO. 65))**

**I.    Introduction**

This case centers on an insurance coverage dispute between Plaintiff, H.J. Heinz Company ("Heinz"), a Pennsylvania corporation, with its principal place of business in Pittsburgh, Pennsylvania, and its insurance provider, Starr Surplus Lines Insurance Company ("Starr"), an insurer incorporated in the State of Texas, with its principal place of business in New York, New York. Doc. No. 1. Jurisdiction is based upon diversity of citizenship and an amount in controversy in excess of $75,000.00. 28 U.S.C. § 1332.

Both Parties seek a declaration from this Court as to Starr's obligations under the Parties' Product Contamination Insurance Policy, and Starr moves this Court to find that the Policy should be rescinded. Doc. Nos. 1 and 29. Presently at issue is whether the substantive laws of the Commonwealth of Pennsylvania or the State of New York apply to this litigation. Doc. Nos. 61 and 65. The Court has provided the Parties with an opportunity to address this issue and the matter is ripe and ready for disposition. See Doc. Nos. 61, 65, 68-69. After review of these

documents and the Parties' Product Contamination Insurance Policy, the Court finds that the substantive laws of the State of New York will apply.

   II.   **Choice of Law Provisions in the Parties' Product Contamination Insurance Policy**

The Product Contamination Insurance Policy addresses the Parties' intention as to the choice of law in Section 5.10, which reads as follows:

> **5.10 Choice of Law and Forum**
> The construction, validity, and performance of this Policy will be governed by the laws of the State of New York. The Insurer and the **Insured** hereby expressly agree that all claims and disputes will be litigated in the Supreme Court of the State of New York in and for the County of New York or in the U.S. District Court for the Southern District of New York.

(emphasis original). This provision is contained within a 19-page document entitled Product Contamination Insurance, for the period of insurance from July 1, 2014, through July 1, 2015. Doc. No. 65-2, pg. 3. The Declaration Page of the Parties' Policy notes under the "Law" heading that the law applied to the Policy will be that of "The Supreme Court of The State of New York." Id. at pg. 4.

The only other potentially applicable provision between the Parties as to the choice of law is contained within a Service of Suit Endorsement, also effective July 1, 2014, which provides, in applicable part, that:

> It is agreed that in the event of the Company's failure to pay the amount claimed to be due hereunder, the Company, at the request of the Insured, will submit to the jurisdiction of a Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court. Nothing in this Endorsement constitutes or should constitute a waiver of the Company's right to commence an action in any Court of competent jurisdiction in the United States, to remove an action to the United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or any State in the United States.

Doc. No. 65-2, pg. 30. The preface of this document includes language noting that "[t]his endorsement modifies the insurance coverage form(s) listed below that have been purchased by you and evidenced as such on the Declarations page." Id. The Policy, including the Section 5.10 and the Service of Suit Endorsement, is unambiguous, but the Parties disagree as to the interpretation of Policy and dispute the effect, if any, of the Service of Suit Endorsement upon the Parties' Choice of Law clause.

### III. Discussion

At the threshold, the Court must determine whether the Service of Suit Endorsement supersedes or significantly modifies Section 5.10 Choice of Law and Forum. As jurisdiction is based upon diversity of citizenship, this Court must apply Pennsylvania's choice of law provisions. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In this case, the sophisticated Parties elected that New York law would apply to any disputes as to the Product Contamination Insurance Policy. Doc. No. 65-2, pg. 15. Pennsylvania Courts have adopted Section 187 of the Restatement, Second, Conflict of Laws, which provides that a choice of law clause will be honored unless either: (a) the chosen state does not have a substantial relationship to the parties or the transaction and there is no reasonable basis for the chosen forum, or (b) application of the law of the chosen state would contradict a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which would be the state of the applicable law in absence of an effective choice of law by the parties. Restatement (Second) of Conflict of Laws § 187 Law of the State Chosen by the Parties (1971).[1] Before undertaking such review, the Court must determine if the Service of Suit

---

[1] The Court will not address Section 188 of the Restatement (Law Governing in Absence of Effective Choice by the Parties)(as cited by Defendants, Doc. No. 69, pg. 3) because that Section applies in the absence of an effective choice of law. As noted, the insurance policy at issue contains both a choice of law provision and a service of suit endorsement, both of which arguably affect the Parties' choice of law.

3

Endorsement supersedes or modifies the Choice of Law provision. The Court holds that it does not.

The plain language of the Parties' Service of Suit Endorsement sets forth that Starr will consent to the jurisdiction of any Court chosen by Heinz and, additionally, that any dispute in the chosen forum would be conducted "in accordance with the law and practice of such Court." Doc. No. 65-2, pg. 30. The Court finds that the phrase "in accordance with the law and practice of such Court" does not imply that the substantive laws of the chosen forum also control. Instead, this language merely details the permissive suit provision, and does not modify the unambiguously expressed intent of the sophisticated business Parties that "[t]he construction, validity and performance of this Policy will be governed by laws of the State of New York." Id. at pg. 15. Despite Heinz's contentions, the absence of explicit reference to Section 5.10 Choice of Law and Forum in the Service of Suit Endorsement does not "evidence[] Starr's intent for the Endorsement to control choice of law." Doc. No. 69, pg. 2. Rather, at most, the language reflects an intention that the Court of the chosen forum determine the appropriate laws to apply according to the Policy's provisions. *See Allianz Ins. Co. v. SSR Realty Advisors, Inc.*, No. 02-7253, 2003 U.S. Dist. LEXIS 9585, * 15-16 (E.D. Pa. June 5, 2003) ("If the drafters had intended the language to also function as a choice of law provision, such an intent would have had to have been clearly stated."), cited by Starr, Doc. No. 65, pg. 5. Based upon the unambiguous language in the Policy, the Court finds that the Parties intended to have the substantive laws of the State of New York apply to any legal dispute.

Because the Parties contracted that New York laws would control in the event of a legal dispute, the Court may now undertake a review of this choice of law provision under the Restatement (Second) of Conflict of Laws Section 187. Both the State of New York and the

Commonwealth of Pennsylvania have connections to this litigation, as demonstrated by the following:

- New York: Starr's headquarters; site of business for both Parties; location of Heinz's broker of record at the time; Policy submitted from office in New York; and site of investigation of Plaintiff's claim; and
- Pennsylvania: Heinz's headquarters; discussions with broker conducted in Pennsylvania; location where Policy was delivered to Heinz; and location from which Policy premiums were paid.

Therefore, New York, the Parties' chosen State for the Choice of Law provision, has a substantial relationship to both the Parties and the transactions at issue and there is a reasonable basis for the Parties to have elected that New York substantive laws control. As such, the choice of law provision should not be disturbed based upon Section 187(a).

As identified by the Parties, there is a conflict in the substantive laws of Pennsylvania and New York for the matters at issue, namely, rescission and bad faith. The standard for rescission in Pennsylvania is more stringent than that of New York because Pennsylvania's standard imposes a burden on a party to demonstrate that the insured knew the representation at issue was false when it was made or the insured made the representation in bad faith. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004). New York State does not have a similar scienter for rescission. As previously discussed, both New York and Pennsylvania have strong connections to this dispute. Rescission serves to protect an insurer from contractual obligations due under a policy that should not have issued. In this sense, New York has the strongest interest in this matter as Starr, who may be found liable under the insurance contract and has alleged that the Policy is not valid, is headquartered in New York, where the majority of

the negotiations prior to issuance of the Policy occurred. New York's strong interest in the determination of whether the Insurance Policy should be rescinded implicates that Pennsylvania does not have a "materially greater interest" in this determination than New York and the Parties' choice of law provision should be applied.

There is also a true conflict between New York and Pennsylvania law as to bad faith, in that Pennsylvania permits a party to recover punitive damages, attorneys' fees, and interest from an insurer if a claim is denied in bad faith, while New York does not recognize a cause of action for bad faith denial of insurance claims. 42 Pa.C.S.A. § 8371; *Polidore v. Chubb Corp.*, 354 F.Supp. 2d 349, 352 (S.D.N.Y. 2005). The competing interests of these States are Pennsylvania's interest in protecting insureds and allowing them to recovery monetary funds in cases of bad faith and New York's interest in preventing recovery from insurers, which inevitably encourages business in New York, amongst other considerations. *See Koken v. Lexington Ins. Co.*, No. 04-2539, 2006 U.S. Dist. LEXIS 9198, * 36 (E.D. Pa. Jan. 30, 2006)(outlining New York's explicit policy choice not to recognize a claim for bad faith in order to: (1) prevent recovery of extra-contractual damages; (2) minimize the cost of insurance for residents of New York; and (3) encourage insurance companies to conduct business in New York). Therefore, a review of the competing laws and policy interests of New York and Pennsylvania reveals that Pennsylvania does not have a "materially greater" interest in Heinz's bad faith claim against Starr than New York and the choice of law provision selecting New York will not be affected by Section 187(b).

In sum, the Parties contracted that legal disputes under the Product Contamination Policy would be governed by the substantive laws of the insurer's state, New York. The Service of Suit Endorsement established that Heinz could file suit in any forum in the United States, but did not

affect the application of New York's substantive laws. There are no grounds to disturb the Parties' valid contractual Choice of Law provision. Therefore, the substantive laws of the State of New York will apply to this litigation.

## IV. Conclusion/Order

AND NOW, this 31st day of July, 2015, IT IS HEREBY ORDERED THAT:

1. Heinz's Motion for Pennsylvania Choice of Law (Doc. No. 61) is **DENIED**;

2. Starr's Motion for an Order Determining that New York Substantive Law Applies in this Case (Doc. No. 65) is **GRANTED**; and

3. The laws of the State of New York shall apply to the substantive issues in this case.

                                        s/ Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Judge

cc: All Registered ECF Counsel and Parties