IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

H.J. HEINZ COMPANY,

        Plaintiff,                         15cv0631

                                          **ELECTRONICALLY FILED**

        v.

STARR SURPLUS LINES INSURANCE
COMPANY,

        Defendant.

## ORDER OF COURT RE: HEINZ'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS PERTAINING TO SIMILAR RISKS (DOC. NO. 96)

Presently before this Court is a Motion to Compel filed by Heinz in response to Starr's Response to Heinz's First Set of Phase 1 Document Requests, dated September 14, 2015. Doc. No. 96. Specifically, Heinz requested that Starr produce:

> All underwriting files relating to Product Contamination insurance policies that You sold to policyholders with annual sales exceeding $8 billion, other than Heinz, in 2014 (including policy applications submitted to You, loss information provided to You, dollar amounts of premium charged by You, and Product Contamination insurance policies issued by You). You may redact the name of the policyholders.

Doc. No. 96-2, pg. 2. In response, Starr objected to this request as "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence," and because the documents contain confidential third-party information. Id. In the spirit of cooperation, the Parties attempted to resolve their dispute without the Court's involvement, including at least three meetings. Doc. No. 96-4, pg. 2. As a part of these meetings, Heinz narrowed its request from the entire underwriting file to the following:

> (1) the application of the insured, as required by Starr (can be redacted as to any identifying information, we mainly want the form of the application); (2) the loss

> history page (again, can redact any identifying information as to the insured, the prior losses, we want the form used, the dates of prior losses required and the amounts of the prior losses); (3) the page or pages in the file that identifies the 'subjectives' required of the insured by Starr during the underwriting of the polic(ies) (redacted if needed but generally the 'subjectives' appear generic, without any identifying information); (4) the amount of premium charged for the respective policies; and (5) any analysis Starr conducted in deciding to issue the policy or set the premium.

Doc. No. 96-4, pg. 2.

The Parties remain at an impasse as to whether Heinz's requested production is relevant to rescission, which is the sole issue in this first phase of a potentially multi-pronged trial, and whether such discovery is appropriate pursuant to Federal Rule of Civil Procedure 26. Heinz's Motion has been fully briefed and is ripe for disposition. Doc. Nos. 96, 98-101.

The Court has carefully considered Heinz's request and Starr's objections that complying with the request: (1) will complicate phase 1 of the case; (2) is not focused on "similar" policies; (3) is unduly burdensome; and (4) may violate the privacy of third-party insureds. See Doc. No. 99. At this early stage, the Court finds that Heinz is entitled discovery that may reveal information that is relevant to combat Starr's position on rescission; the main mechanism to do so is through examining other comparable policies issued by Starr and associated risks.

Therefore, Heinz's requested production is appropriate in terms of the narrow issue of rescission/materiality. The requested documents are also appropriately limited in scope, being that the request is confined to a specific set of potential policies (product contamination policies sold by Starr), involving a comparable amount (annual sales in excess of $8 billion), and limited to a temporal period (2014). The Court is mindful of the expenses associated with discovery and finds that Heinz's request is proportional to the amount in dispute in this litigation. Finally, compelling production of the requested documents is not inappropriate due to the private nature

2

of insurance policies because Heinz's request allows for redaction and other safeguards that are designed to protect confidential information.

Based upon this reasoning, the following Order is entered:

AND NOW, this 1st day of October, 2015, IT IS HEREBY ORDERED THAT Heinz's Motion to Compel Production of Documents Pertaining to Similar Risks (Doc. No. 96) is **GRANTED**. Starr shall produce the following documents pertaining to product contamination policies that Starr sold to other insureds with annual sales exceeding $8 billion in 2014, on or before October 13, 2015:

- the application of the insured, as required by Starr;
- the loss history page;
- the page or pages in the file that identifies the "subjectives" required of the insured by Starr during the underwriting of the polic(ies);
- the amount of premium charged for the respective policies; and
- any analysis Starr conducted in deciding to issue the policy or set the premium

To safeguard this information, Starr may undertake the following protective actions:

- designate the production "Confidential" under the existing Protective Order (Doc. No. 39);
- redact identifying information related to the other insureds; and
- redact identifying business information in the policies

          s/ Arthur J. Schwab
          Arthur J. Schwab
          United States District Judge

cc:    All Registered ECF Counsel and Parties