IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

H.J. HEINZ COMPANY,

    Plaintiff,　　　　　　　　　　15cv0631
　　　　　　　　　　　　　　　　　**ELECTRONICALLY FILED**
    v.

STARR SURPLUS LINES INSURANCE
COMPANY,

    Defendant.

### Memorandum Order re: Parties' Proposed Verdict Slips and Jury Instructions

**I. INTRODUCTION**

This case involves an insurance coverage dispute between Plaintiff/Counterclaim-Defendant H.J. Heinz Company ("Heinz") and Defendant/Counterclaim-Plaintiff Starr Surplus Lines Insurance Company ("Starr"). The Court, working with the excellent trial counsel of both parties early in the case, established a decision-making model so that the issues in the case may be decided in an orderly and efficient manner. Accordingly, Starr's Counterclaim for Rescission of the insurance policy will be decided as "Phase One" of this matter. *See* 7/14/2015 Minute Entry.

First, the Court sought memorandums from the Parties regarding the disputed choice of law. After thorough briefing by the Parties, the Court ruled that the law of New York applies to this matter. *See* Memorandum Order of Court Re: Substantive Choice of Law Provisions, Doc. No. 73. In light of that decision, the Court sought further briefing from the Parties regarding New York's applicable laws on rescission and the appropriate standards of law and burdens of proof that will be presented to the factfinder. Doc. No. 74.

Secondly, and currently, the Parties and the Court have been focused on the next level of decisions through the filing of the Parties' proposed Verdict Slips and proposed Jury Instructions. *See* Doc. Nos. 94, 112, 113, and 115. The Court's analysis of these, in conjunction with the Parties' briefs on the applicable laws and standards (doc. nos. 76, 77, 85, 86), reveal the following legal issues to be resolved by the Court at this time: (1) whether an insurance policy may be rescinded for an intentional or unintentional misrepresentation under New York law; (2) the burden of proof for a party seeking rescission of an insurance policy; and (3) the burden of proof for Heinz's affirmative defenses.

The purpose of this Memorandum Order is to clarify and define the applicable legal issues and appropriate standards to be tried in Phase One, and not to express any opinion as to the merits of this case or the weight of any evidence proffered in the Parties' submissions.

## II. DISCUSSION

### A. Counterclaim of Rescission Due to Misrepresentation

#### 1. Basic Legal Framework

Section 3105 of New York's Insurance Law sets forth the basic framework for rescission. N.Y. Ins. Law § 3105. It states in relevant part that:

> No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material.

*Id.* at § 3105(b)(1).

The Parties dispute whether rescission is available to an insurer where an insured has made an unintentional or mistaken representation. New York caselaw instructs that both intentional *and* unintentional misrepresentations will void a contract of insurance if the misrepresentation is material. *See Matter of Liquidation of Union Indem. Ins. Co. of New York*,

674 N.E.2d 313, 320 (N.Y. 1996)(specific intent is not required to rescind an insurance policy; even "an innocent failure to disclose a material fact is sufficient")(citation omitted); *Mutual Ben. Life Ins. Co. v. JMR Electronics Corp.*, 848 F.2d 30, 32 (2d Cir. 1988)(even an innocent misrepresentation will allow rescission).

There is no substantive difference in the Parties' recitation of the applicable legal standards regarding the materiality of a misrepresentation in a claim for rescission, which is codified in the statute as:

> No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract.

N.Y. Ins. Law § 3105(b)

To show that a misrepresentation is material, the insurer must present proof concerning its underwriting practices with respect to applicants with similar circumstances and establish that, but for the misrepresentation, it would have not issued the same policy. *Schirmer v. Penkert* 840 N.Y.S.2d 796, 799 (N.Y. App. 2d. Dept. 2007).

**2. Burden to Prove Material Misrepresentation Generally**

Starr has cited to the New York pattern jury instructions regarding insurance contracts and misrepresentation -- which state that a preponderance of the evidence standard should be used. N.Y. PJI 4:75 (instructing that N.Y. PJI 1:23 (preponderance of the evidence) should be used). Heinz disputes that this is the correct standard, stating it "could not find any New York case discussing the use of the pattern jury instructions on which Starr relies to a commercial insurance policy (much less a product contamination policy)." Heinz has not, however, cited to any cases involving commercial insurance policies or product contamination policies in which a jury was instructed to use the clear and convincing standard which Heinz proposes. Nor has

Heinz directed the Court to any case or statute which calls for commercial insurance policies or product contamination policies to be treated differently than other insurance policies in New York.

Instead, two of the cases Heinz cites for the proposition that the burden of proof should be the higher clear and convincing standard were (1) in the procedural posture of motions for summary judgment and (2) in any event used the somewhat ambiguous language that the parties must show "a preponderance of clear and convincing evidence." *Brayer v. John Hancock Mut. Life Ins. Co.*, 179 F.2d 925, 928 (2d Cir. 1950) and *S.E.C. v. Credit Bancorp. Ltd.*, 147 F. Supp. 2d 238, 253-54 (S.D.N.Y. 2001)(*citing Brayer*).[1]

Accordingly, the Court finds that, at the trial of Phase One of this matter, Starr must prove by a preponderance of evidence that Heinz made a material misrepresentation (intentional or unintentional) in order to void the insurance policy.

### 3. Misrepresentation Due to Omission or Silence

On the other hand, there is some indication from the preliminary submissions by the Parties that this case may involve a potential misrepresentation due to the omission of information or silence.[2] If this issue becomes relevant in this matter, then intent may also be at issue. An insured has no duty under New York law to volunteer information which has not been requested and nondisclosure of such information will only void an insurance policy in instances where the insured sought to defraud the insurer by failing to disclose the information. *DiDonna v. State Farm Mut. Auto Ins. Co.*, 687 N.Y.S.2d 175, 176 (N.Y. App. Div. 2d Dept. 1999).

---

[1] *But see Fire & Casualty Ins. Co. of Conn. V. 2207 7th Ave. Restaurant Corp.*, 2004 WL 1933781 (S.D.N.Y. Aug. 30, 2004)(Court applied clear and convincing standard in bench trial where rescission of insurance policy due to misrepresentation was sought—citing the language in *Bayer* as the applicable standard.)

[2] The Parties seem to also raise the sub-issue of misrepresentations made by brokers. Because the law is unambiguous that any misrepresentation made by a broker is imputed to an insured, the Court will not address this issue in detail. *Bloom v. Mutual of Omaha Ins. Co.*, 161 A.D.2d 1047, 1049 (N.Y. App. Div. 3d Dept. 1990).

### 4. Burden to Prove Misrepresentation by Omission or Silence

The caselaw concerning the burden to prove a misrepresentation due to omission or silence, where the scienter of the insured is a requirement, is less clear. Here, the Court finds Heinz's argument for use of the clear and convincing standard applied in insurance fraud cases in New York to be persuasive. *See* 69 N.Y. Jur. 2d Insurance § 1212, *Cf.* N.Y. PJI 3:20 (requiring clear and convincing evidence to prove fraud generally) and N.Y. PJI 4:80A (requiring clear and convincing evidence to prove fraudulent misrepresentation or false swearing in fire insurance cases).

### B. Affirmative Defenses of Waiver of Right to Seek Rescission

Heinz asserts that Starr's (1) failure to perform a reasonable investigation into the information provided in Heinz's application for insurance; (2) unreasonable delay[3] in pursuing rescission after learning of a material misrepresentation; or (3) accepting a benefit from the policy (such as a premium payment) after learning of a material misrepresentation results in waiver of Starr's right to seek rescission of the policy and that Heinz must prove these affirmative defenses by a preponderance of the evidence.

Starr does not provide any proposed counter-instruction to Heinz's burden of proof instruction regarding affirmative defenses and has not indicated that it opposes the preponderance of the evidence standard outlined by Heinz. Doc. No. 113, Proposed Instruction No. 16. Accordingly, the Court will apply the preponderance of the evidence standard to Heinz's affirmative defenses.

---

[3] To the extent a dispute exists between the Parties as to the time period necessary to prove an unreasonable delay, the Court holds that an insurer is not required to immediately claim rescission upon notice of a material misrepresentation, but must do so within a reasonable amount of time under the circumstances. *See Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, 6 F. Supp. 3d 380, 394 (S.D.N.Y. 2014).

### III. CONCLUSION

In summary, with respect to its Counterclaim for rescission, Starr must prove by a preponderance of the evidence that Heinz made a material misrepresentation (whether intentional or unintentional) in its application for insurance. However, if Heinz allegedly made a material misrepresentation by silence or omission, Starr must prove fraudulent intent by clear and convincing evidence. Regarding its Affirmative Defenses, Heinz must prove waiver of Starr's right to rescission by a preponderance of the evidence.

In light of the above, this Court hereby ORDERS the parties to submit a Joint Verdict Slip and Joint Jury Instructions which conform to the applicable standards and burdens of proof as explained within this Memorandum Order (without waiving the Parties' respective objections thereto). The Amended Joint Verdict Slip and Joint Jury Instructions shall be filed by November 6, 2015.

**SO ORDERED** this 2nd day of November, 2015.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties